UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CORNELIOUS MOORE,

Plaintiff,

v.                    Case No. 15-cv-14294

OCWEN LOAN SERVICING, LLC and      UNITED STATES DISTRICT COURT JUDGE
HSBC BANK USA, NATIONAL               GERSHWIN A. DRAIN
ASSOCIATION, as trustee for ACE
SECURITIES CORP. HOME EQUITY LOAN    UNITED STATES MAGISTRATE JUDGE
TRUST, SERIES 2006-ASAP1 ASSET         R. STEVEN WHALEN
BACKED PASS-THROUGH CERTIFICATES,

Defendants.
_____/

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [6]**

**I. INTRODUCTION**

Plaintiff Cornelious Moore ("Plaintiff") commenced this action on December 9, 2015 against Ocwen Loan Servicing, LLC ("Ocwen") and HSBC Bank USA, N.A. (collectively, "Defendants"). *See* Dkt. No. 1. Plaintiff alleges that the Defendants have violated the Fair Debt Collection Practices Act ("FDCPA" or "the Act"), 15 U.S.C. § 1692g(a)–(b). Before the Court is Defendants' Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 6. The matter is fully briefed. After reviewing the briefing, the Court concludes that oral argument will not aid in the resolution of this matter. Accordingly, the Court will resolve the

-1-

Motion on the briefs as submitted. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons discussed below, the Motion to Dismiss will be **GRANTED**.

## II. BACKGROUND

The parties are in agreement on the facts of the present case. Around September 26, 2005, Plaintiff accepted a $45,000.00 loan from non-party Pathway Financial, LLC. Complaint, ¶ 12. The Loan was memorialized by a promissory note and secured by a mortgage (the "Mortgage') in real property located at 214-214 ½ E. Buena Vista Street, in Highland Park, Michigan (the "Property"). *Id.* at ¶ 13. Defendant Ocwen is the servicer of the loan. On July 23, 2014, the Mortgage was assigned to the Trustee. Complaint, ¶ 15.

Plaintiff eventually defaulted on the loan, and the loan was referred to foreclosure. Complaint, ¶ 16. On July 9, 2014, Ocwen's foreclosure counsel sent Plaintiff a notice of debt, which provided the amount that was due, the identity of the creditor, and the following paragraph:

> Unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within thirty (30) days after receiving this notice that you dispute the validity of this debt, this office will obtain verification of the debt or a copy of the judgment, if applicable, and mail a copy of such verification or judgment to you. If you request, in writing, within thirty (30) days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Complaint (Exhibit E).

The Mortgage was foreclosed and the Property was sold at a Sheriff's sale on October 23, 2014, without any response to the letter from Plaintiff.

On March 16, 2015, eight months after the notice of debt was sent, Plaintiff sent a letter to Defendants demanding verification of the loan debt. Complaint (Exhibit D). Defendants informed the Plaintiff that the FDCPA's timeframe for debt validation had passed. Complaint, ¶ 19.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows the court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough 'to raise a right to relief above the speculative level' on the assumption that all of the allegations in the complaint are true." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atlantic*, 550 U.S. at 555).

The court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims. To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. (citations and quotations omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Id*. at 678. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Id*. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'– 'that the pleader is entitled to relief.' " *Id*. at 679.

### IV. DISCUSSION

The Fair Debt Collection Practices Act requires a debt collector to provide notice in its initial communication stating the following:

**(1)** the amount of the debt;

**(2)** the name of the creditor to whom the debt is owed;

**(3)** a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

**(4)** a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

**(5)** a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g (a). Furthermore, under subsection (b) of the Act, "[i]f a consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) . . . that the debt, or any portion thereof, is disputed . . . the debt collector shall cease collection of the debt . . . until the debt collector obtains verification of the debt or a copy of the judgment . . . ." 15 U.S.C. § 1692g(b).

Plaintiffs argue that Defendants were required under the Act to validate the purported debt upon request of the Plaintiff. See Dkt. No. 1 at 9 (Pg. ID No. 9). This argument is without merit. Under the Act, the debt collector's obligation to verify the debt is explicitly contingent upon the debtor making a request for validation within thirty days of receiving notice of the debt. *Lipa v. Asset*

*Acceptance, LLC*, 572 F. Supp. 2d 841, 854 (E.D. Mich. 2008) ("This language makes clear that the consumer's right (to validation of the debt) and the collector's responsibilities (to validate the debt and cease collection activities) are not triggered unless the consumer files a request for validation within thirty days of receiving notice of the debt.") (citing *Luxenburg v. Equifax Credit Info. Servs.*, 2005 WL 78947, *1, 3 (N.D.Ill. Jan. 12, 2005)).

Here, the notice of the debt sent to Plaintiff met all of the requirements of subsection (a). *See* Complaint (Exhibit E); *Taylor v. Javitch, Block & Rathbone, LLC*, 2012 WL 2375494, *2 (N.D. Ohio June 22, 2012) ("When a court is presented with a Rule 12(b)(6) motion, it may consider the complaint and any exhibits attached thereto. . . ."). Plaintiff does not dispute that he failed to request validation of the debt within thirty days of receiving the notice. Accordingly, Defendants were under no obligation to verify the debt.

Plaintiff argues that a failure to dispute the debt within thirty days does not constitute an admission of liability by the consumer. *See* Dkt. No. 6–7 (Pg. ID No. 115–16). Plaintiff is correct. *See* 15 U.S.C. § 1692g(c) ("The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer."). However, the validity of Plaintiff's debt is irrelevant to the question of Defendant's liability under 15 U.S.C. §§ 1692g(a) and (b).

Plaintiffs have failed to plead facts demonstrating they have a plausible claim for relief. Accordingly, the action will be dismissed.

## V. CONCLUSION

For the reasons discussed above, the Motion to Dismiss [6] is **GRANTED.**

IT IS SO ORDERED.

Dated: June 28, 2016  /s/Gershwin A Drain
Detroit, MI  HON. GERSHWIN A. DRAIN
  United States District Court Judge